Empery Asset Master, Ltd v AIT Therapeutics, Inc. (2020 NY Slip Op 00083)





Empery Asset Master, Ltd v AIT Therapeutics, Inc.


2020 NY Slip Op 00083


Decided on January 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 7, 2020

Friedman, J.P., Webber, Singh, Moulton, JJ.


10706 651306/18

[*1] Empery Asset Master, Ltd, et al., Plaintiffs-Respondents,
v
AIT Therapeutics, Inc., Defendant-Appellant.


Kasowitz Benson Torres LLP, New York (Kim Conroy of counsel), for appellant.
Olshan Frome Wolosky LLP, New York (Thomas J. Fleming of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about October 15, 2018, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
Plaintiffs are holders of warrants to purchase shares of defendant's stock that contain antidilution provisions, which mandate that defendant adjust the warrant exercise price and share amount in the event it issues shares of stock to other parties for consideration below the then exercise price of plaintiffs' warrants. Plaintiffs allege that defendant issued securities to new investors pursuant to the February 16, 2018 Security Purchase Agreement (February 16 SPA). Plaintiffs contend that the February transaction diluted their investment, and that the certificate of adjustment it issued was incorrect as to the exercise price and failed to reflect a change in the number of warrant shares arising from the transaction.
The complaint states a cause of action for breach of section 3(d) of the warrants by alleging that defendant's issuance of Tranche A and Tranche B warrants in accordance with the February 16 SPA triggered defendant's obligation to provide plaintiffs with an adjustment to the exercise price (see Brad H. v City of New York, 17 NY3d 180, 185 [2011]).
The complaint also states a cause of action for reformation of section 3(b) of the warrants. The complaint alleges that the relevant clause, which provides for the increase of the number of shares subject to plaintiffs' option after a dilutive transaction, misstates the parties' agreement by limiting the increase of the number of shares to an issuance of stock described in the "immediately preceding sentence" - which deals with the issuance of stock for no consideration - rather than the "immediately preceding sentences," which would include the issuance of stock for a price lower than the exercise price. In this regard, plaintiffs' complaint sufficiently alleges that the parties intended for the warrants to permit the increase of plaintiffs' shares under both circumstances. Accordingly, the cause of action for reformation was properly sustained (see Warberg Opportunistic Trading Fund, L.P. v GeoResources, Inc., 112 AD3d 78, 86 [1st Dept 2013] ["The purpose of reformation is . . . to restate the intended terms of an agreement when the writing that memorializes that agreement is at variance with the intent of both parties"] [internal quotation marks omitted]).
For the same reason, the court also properly denied defendant's motion to dismiss plaintiffs' breach of contract claim based on section 3(b) of the warrants.
In light of the foregoing, the court, on this pleading motion, properly sustained plaintiffs' [*2]claim for a declaratory judgment regarding the exercise price and the number of shares allotted to them under the warrants based on the certificate of adjustment.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 7, 2020
CLERK